UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ELADIO PEDROZA, SR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Case No. 12-cv-3843 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| AMADOR HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 12-cv-4335 |
| | ) | |
| v. | ) | Judge John W. Darrah |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioners Eladio Pedroza, Sr. and Amador Hernandez, proceeding *pro se*, each filed a motion for relief pursuant to 28 U.S.C. § 2255. The Government submitted a consolidated response to these motions.[1] For the reasons provided below, Petitioners' Motions are denied.

## **BACKGROUND**

On September 20, 2005, a grand jury indicted Petitioners, and fifteen other defendants, charging Petitioners with: conspiring to possess with intent to distribute and to distribute in excess of five kilograms of mixtures containing cocaine and in excess of one kilogram containing heroin; intentionally using and causing to be used a

---

[1] Petitioner Robert Vallar, a co-defendant to Petitioners Pedroza and Hernandez, also filed a motion for relief pursuant to 28 U.S.C. § 2255. *See United States v. Vallar*, No. 12-cv-534 (N.D. Ill.). Vallar's motion has proceeded on a separate briefing schedule and therefore will be ruled upon by separate order.

communications facility in committing the narcotics conspiracy; knowingly and intentionally possessing with intent to distribute a controlled substance; traveling interstate to facilitate the narcotics conspiracy; and money laundering. (Gov't. Resp. at 2.)

Juan Carlos Iniguez, another co-defendant, operated a drug business, distributing cocaine and heroin throughout the United States in 2004. *United States v. Vallar*, 635 F.3d 271, 277 (7th Cir. 2011) (*Vallar*). Iniguez distributed wholesale quantities of the drugs, which he obtained from Mexico, to co-conspirators, including Hernandez. Pedroza assisted Iniguez in distributing cocaine and collecting the drug proceeds. *Id.* Hernandez, after being arrested on May 26, 2005, "confessed to various aspects of the charged crimes." *Id.* Hernandez moved to suppress his confession; this motion was denied. *Id.* On April 16, 2007, after a ten-day trial, a jury found both Pedroza and Hernandez guilty on all counts charged against them.

Hernandez was sentenced on October 28, 2008, to 324 months' imprisonment on Counts 1, 23, 40, and 48 of the indictment (narcotics conspiracy, using a communications facility to facilitate conspiracy, and two counts of possession with intent to distribute); 240 months' imprisonment on Counts 34 and 36 (two additional counts of possession with intent to distribute); and 48 months' imprisonment on Counts 4, 25, 33, and 39 (additional counts of using a communications facility to facilitate narcotics conspiracy), to run concurrently. Thereafter, on September 29, 2009, Pedroza was sentenced to 360 months' imprisonment on Count 1 (narcotics conspiracy) and 48 months' imprisonment on Count 12 (using a communications facility to facilitate conspiracy), to run

concurrently. Pedroza and Hernandez each filed motions for judgment of acquittal or, in the alternative, for a new trial; their motions were denied.

Pedroza appealed his sentence, arguing that the district court misapplied the § 3553(a) factors, failed to consider every factor in § 3553(a) factors, failed to consider mitigating facts in determining his sentence, unduly relied on the guideline range, and failed to sentence Pedroza to a term that was substantively reasonable. The Seventh Circuit, affirming the district court's sentencing of Pedroza, described Pedroza's appellate arguments as vacuous and unavailing. *Id.* at 278-79.

Hernandez also appealed his sentence and conviction. Hernandez contended on appeal that the district court erred in its three-level enhancement of his sentence for his managerial or supervisory role in the drug conspiracy. The Seventh Circuit rejected this argument. *Id.* at 281-82. The Seventh Circuit further affirmed the district court's decision to deny Hernandez's motion to suppress his confession. *Id.* at 283.

Now, Hernandez and Pedroza have filed separate petitions for *habeas corpus* relief, pursuant to 28 U.S.C. § 2255. Pedroza raises two claims in his *pro se* petition: (1) ineffective assistance of counsel and (2) a violation of his right to due process under the Fifth Amendment of the U.S. Constitution. Hernandez, also proceeding *pro se*, raises three claims in his § 2255 petition: (1) ineffective assistance of trial counsel at his sentencing; (2) ineffective assistance of appellate counsel with regards to the calculation of a drug amount in his sentencing; and (3) error by the Court in applying a sentencing enhancement relating to Hernandez's role in the offense. The Government submitted a Consolidated Response to the § 2255 Petitions filed by Hernandez and Pedroza.

Hernandez and Pedroza both were given the opportunity to file reply briefs, but neither did so.

## LEGAL STANDARD

Petitioners seek relief from their respective sentences under Section 2255, arguing they were denied the constitutional right to effective assistance of counsel under the Sixth Amendment. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The relief described here is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). However, as Petitioners filed their petitions *pro se*, their petitions are entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) (*Strickland*). Under this test, a petitioner must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the

petitioner must prove there is a reasonable probability the proceeding would have had a different result but for the errors of counsel. *Id.* If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant.").

A district court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (*Koons*) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (*Cooper*) ("Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

## ANALYSIS

*Eladio Pedroza - § 2255 Petition*

Pedroza raises multiple arguments for relief in his § 2255 petition. First, he alleges ineffective assistance of counsel on the part of his trial counsel. Second, Pedroza argues his "Fifth Amendment right to due process was violated when the District Court admitted hearsay statements of unindicted coconspirators through a Government witness without first making a preliminary finding as to its reliability." (Pedroza's Mem. at 24.) Each of Pedroza's arguments shall be addressed in turn.

Ineffective Counsel:  Testimony Regarding Defendant's Mental State

With regards to Pedroza's ineffective-counsel claim, Pedroza first asserts that his attorney at trial failed to object to the Government's eliciting testimony from FBI Agent Posada Fowler, specifically with regards to her testimony that a quantity of five kilograms of cocaine is used for resale, while a quantity of approximately one gram of cocaine was a typical amount found for personal use.  (Pedroza's Mem. at 14-15.)  Pedroza argues this testimony was elicited for the purpose of establishing his intent to distribute drugs, rather than simply to use drugs.  (*Id.* at 15.)  This testimony, Pedroza reasons, violates Fed. R. Evid. 704(b), which provides that an expert witness "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged . . . ."  Fed. R. Evid. 704(b).

Pedroza's argument that his attorney was ineffective by failing to object to Agent Fowler's testimony regarding drug quantities is unavailing, because this testimony was not objectionable.  Agent Fowler was permitted to testify, based on her own training and experience, that five kilograms of cocaine was typically a distribution quantity, as opposed to a quantity for a single user.  Rule 704(b), according to the Seventh Circuit, "only prohibits expert testimony that is based on an analysis of the defendant's mental processes . . . ."  *United States v. Are*, 590 F.3d 499, 512 (7th Cir. 2009) (*Are*) (citing *United States v. Lipscomb*, 14 F.3d 1236, 1241-42 (7th Cir. 1994) (*Lipscomb*).  In *Lipscomb*, the Seventh Circuit established that Fed. R. Evid. 704(b) was limited in scope, concluding:

> [T]hat when a law enforcement official states an opinion about the criminal nature of a defendant's activities, such testimony should not be excluded under Rule 704(b) as long as it is made clear, either by the court expressly or in the nature of the examination, that the opinion is based on

>   the expert's knowledge of common criminal practices, and not on some special knowledge of the defendant's mental processes. Relevant in this regard, though not determinative, is the degree to which the expert refers specifically to the "intent" of the defendant, for this may indeed suggest, improperly, that the opinion is based on some special knowledge of the defendant's mental processes.

*Lipscomb*, 14 F.3d at 1242-43 (citation omitted). At trial here, it was made expressly clear that Agent Fowler was not testifying as to Pedroza's mental state or his specific intent. Rather, she was asked, based on her training and experience, for what would a quantity of five kilograms be used, and Agent Fowler explained that it was used for resale. (Pedroza's Mem. at 14-15.) No objection could have been raised as to this question, as the Seventh Circuit has made clear that questions to officers regarding common practices in the drug trade are permissible at trial. *Are*, 590 F.3d at 513 (quoting *Lipscomb*, 14 F.3d at 1243). Pedroza's counsel did not err in not objecting to this testimony under Fed. R. Evid. 704(b); therefore, Pedroza failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness under the circumstances. *Strickland*, 466 U.S. at 687-88.

<u>Ineffective Counsel: Absence of Counsel at Trial</u>

Pedroza next alleges a claim of ineffective assistance of counsel by alleging that trial counsel for Pedroza, Attorney Paul Camarena, "was absent during a critical stage of the trial; at which time the Government was cross examining their star witness." (Pedroza's Mem. at 18.) In this assertion, Pedroza makes a rather large leap based on an improper interpretation of the transcript. At trial, on April 4, 2007, at 9:05 a.m., Attorney Camarena stated on the record that the defense was ready to proceed. (Trial Tr. 676:1 – 676:6.) Very shortly thereafter, at sidebar, Attorney Camarena apologizes to the Court regarding his tardiness, explaining that he had previously appeared in Judge Filip's

7

courtroom prior to the commencement of the trial proceedings for the day. (Trial Tr. 687:15 – 687:19.) It is apparent from the record, supported by the official transcript, that Attorney Camarena was present and ready to proceed as counsel for Pedroza at the start of the trial proceeding on April 4, 2007.

By Pedroza's own unlikely account, Attorney Camarena would have appeared at the start of the proceeding that morning, apparently walked out of the courtroom without the Court's permission, and meandered back into the courtroom in time to appear at the first sidebar held on the record that day, minutes after his initial appearance was recorded. Such activity by a defense attorney during a criminal jury trial would not have gone unnoticed by the Court, and Attorney Camarena's disappearance certainly would have been reflected by the record. It is even more absurd to consider that Attorney Camarena, after entering his appearance at the start of the proceeding, somehow snuck out of the proceeding unnoticed and managed to reenter the courtroom, again unnoticed, in enough time for his appearance to register on the transcript at a sidebar held shortly after the start of the proceeding.

Pedroza is correct insofar as the Sixth Amendment guarantees criminal defendants a right to counsel at trial, unless the right is explicitly waived. *See Jackson v. Miller*, 260 F.3d 769, 775 (7th Cir. 2001). However, Pedroza has failed to make an adequate showing or put forth any evidence, other than his fanciful interpretation of the transcript, that Attorney Camarena was ever absent at Pedroza's trial. Therefore, Pedroza's claim of ineffective assistance of counsel based on Attorney Camarena's purported absence is also rejected. Contrary to the absurd inference Pedroza attempts to draw from the transcript of the trial proceeding, the Court specifically finds that Attorney

8

Camarena was present throughout the entire trial, including the examination of the Government's witnesses.

### Ineffective Counsel: Statements Made in Closing Argument

Pedroza further asserts his claim of ineffective assistance of counsel by alleging that Attorney Camarena erred in stating, during his closing argument, that "what the government has not been able to prove beyond a reasonable doubt is that Eladio Pedroza was part of that conspiracy [headed by Juan Carlos Iniguez] any more than anyone else was part of that conspiracy." (Trial Tr. 1431:18 – 1432:8.) In yet another novel argument put forth by Pedroza, he contends that this statement created an "ambiguous theory before the jury" and "implicated him into the conspiracy because the Government only had to prove beyond a reasonable doubt defendant was involved in the conspiracy, not beyond a reasonable doubt that he was part of that conspiracy **any more than anyone else** was . . . ." (Pedroza's Mem. at 23.) (emphasis in original). Pedroza misapprehends the meaning of counsel's statement, taking the statement to mean that Attorney Camarena implied during the closing argument that Pedroza *was*, in fact, a part of the conspiracy. Rather, when considering Attorney Camarena's closing argument in whole, it is clear Attorney Camarena argues that the Government failed to demonstrate how Pedroza was in any way involved in the drug conspiracy.

"In assessing the performance of counsel, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Rodriguez v. United States*, 286 F.3d 972, 986 (7th Cir. 2002) (*Rodriguez*) (quoting

*Strickland*, 466 U.S. at 689). Here, Pedroza fails to demonstrate how this statement from the closing argument rebuts the presumption that Attorney Camarena's statement was not a part of his sound trial strategy. In fact, the Seventh Circuit has acknowledged that in some cases, sound trial strategy might even include acknowledgement by a defense attorney "that on a particular count the evidence against their client is overwhelming." *Rodriguez*, 286 F.3d at 986 (citing *Underwood v. Clark*, 939 F.2d 473 (7th Cir. 1991), where the Court held that a counsel's admission of guilt during closing arguments was a reasonable tactical decision at trial). This single sentence from Attorney Camarena's closing argument does not come close to that; to the contrary, Camarena is attempting to argue that the Government failed to meet their burden of proof. This claim of ineffective counsel by Pedroza is also without merit, as Pedroza demonstrated how statements made by Attorney Camarena were anything other than sound legal strategy.

<u>Due Process Claim Regarding Statements of Unindicted Conspirators</u>

In his § 2255 motion, Pedroza also asserts a claim that his Fifth Amendment right to due process "was violated when the district court admitted hearsay statements of unindicted coconspirators through a government witness without making a preliminary finding as to its reliability." (Pedroza's Mem. at 24.) This due process claim was not raised on Pedroza's direct appeal. *See Vallar*, 635 F.3d at 277-79. Pedroza's failure to raise a due process claim in his direct appeal results in this claim being procedurally defaulted. *See Ballinger v. United States*, 379 F.3d 427, 429-30 (7th Cir. 2004) (affirming district court's dismissal of a due process argument where it was not raised on direct appeal). To avoid this procedural default, Pedroza would need to demonstrate "both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting

10

from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167 (1982). Pedroza makes no showing of either. Therefore, Pedroza's due process claim is procedurally barred.

Disparity of Sentences on Appeal

Finally, Pedroza submitted a "Supplemental Attachment in Support of Defendant's Motion to Vacate Conviction and Sentence Pursuant to 28 U.S.C. § 2255," without leave of Court. The Government failed to address the additional claim asserted in this supplemental brief in its Response. However, this last claim asserted by Pedroza is also without merit.

Pedroza contends that "had [appellate] counsel raised the issue of disparity between the sentence he received and the much lesser sentences his co-defendants received," there is a reasonably probability the Seventh Circuit would have found the district court erred in considering the disparity of the sentences. (Pedroza's Supp. Mem. at 3.) Simply put, Pedroza argues his appellate counsel erred by not raising on appeal that Pedroza's sentence was higher than the sentences imposed on Pedroza's co-defendants, and that this disparity was somehow inherently unfair. Pedroza's argument ignores the fact that his appellate counsel did specifically appeal the fairness of Pedroza's sentence on four separate grounds, and the Seventh Circuit affirmed the district court's sentence imposed on Pedroza of 360 months. *Vallar*, 635 F.3d at 280 (finding the district court did not abuse its discretion in sentencing Pedroza to 360 months and noting the district court "imposed the sentence based on the seriousness of Pedroza's crime, his past recidivism and the likelihood that he would continue to commit crimes if released from prison, the fact that he directed the operation of a drug distribution ring while in a federal

prison, his lack of remorse for his offense," and its conclusion that Pedroza continued to be a threat to society.). For Pedroza's appellate counsel to further argue on appeal that Pedroza's term of imprisonment was unfair simply because it was a longer term than those imposed on his co-defendants would have been specious, at best. "[A]ttorneys have a duty not to present frivolous arguments." *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing Fed. R. App. P. 38). Therefore, Pedroza makes no showing that his appellate counsel was ineffective in failing to specifically raise the issue of Pedroza's sentence being longer than that of his co-defendants, particularly in light of the enhancement factors that established Pedroza's sentencing guideline range.

*Amador Hernandez - § 2255 Petition*

Petitioner Amador Hernandez also raises multiple arguments for relief in his own § 2255 petition. First, Hernandez alleges ineffective assistance of counsel on the part of his trial counsel. Specifically, Hernandez claims his trial counsel erred by: (1) failing to file timely written objections to the pre-sentence investigation report ("PSR"); (2) failing to object to the drug quantity in the PSR; (3) failing to object to an enhancement for his role in the offense; (4) failing to "present mitigating circumstances that were favorable" to Hernandez; and (5) failing to preserve or perfect the record on appeal. (Hernandez's Brief at 2-3.) Hernandez also contends his appellate counsel erred by not arguing that the district court improperly calculated Hernandez's drug quantity and further asserts the district court erred in its application of enhancement factors during Hernandez's sentencing. Each of Hernandez's arguments shall be considered in turn.

Ineffective Assistance of Counsel

Hernandez first posits his trial counsel was ineffective because he failed to file timely objections to the PSR. As the docket for Hernandez's case shows, this is simply not true. Hernandez's Attorney, Douglas J. Rathe, filed a twelve-page brief, stating his objections and responding to Hernandez's PSR. *See United States v. Amador Hernandez*, Case No. 05-cr-472-5 [Docket No. 516].

Hernandez also contends his counsel was ineffective in that he failed to object to the drug quantity and failed to object to Hernandez's sentencing enhancement for a supervisory role. These arguments directly contradict the record. Attorney Rathe directly addressed and disputed the drug quantity asserted in Hernandez's PSR. *See id.* at 3-4. Moreover, it is evident from the transcript of Hernandez's sentencing that Attorney Rathe objected, at length, to the enhancement for Hernandez based on his supervisory role and the relevant drug quantity. (Sentencing Tr. 8:14 – 11:2, 26:8 – 28:4, Oct. 28, 2008.) Hernandez's arguments regarding his counsel's failure to object to these issues in his PSR and at his sentencing are contrary to the record, and Hernandez presents no additional evidence to support his claims.

Finally, in alleging his claim of ineffective assistance of counsel, Hernandez states his attorney "failed to preserve or perfect the record on appeal and rendered ineffective assistance for not raising the points of errors." (Hernandez's Br. at 3.) Hernandez provides no additional information or support to this claim beyond this single sentence. "Arguments that are not adequately developed or supported are waived." *United States v. Jones*, 224 F.3d 621, 626 (7th Cir. 2000) (further noting, "The lack of

development of this argument and absence of supporting case law speaks to the paucity of the argument.") (citations and quotations omitted).

As each of Hernandez's undeveloped arguments regarding his ineffective assistance of counsel belie the direct evidence of the case record, his claims of ineffective assistance of counsel are denied. Hernandez has not demonstrated Attorney Rathe's performance in any way fell below an objective standard of reasonableness under the *Strickland* standard.

Drug Quantity and Appellate Counsel

Hernandez next argues an error occurred regarding the calculation of the drug quantity related to Hernandez in conjunction with his sentence. While his argument on this point is unclear, it appears Hernandez contends his appellate counsel erred by failing to raise, on appeal, the district court's purported miscalculation of the relevant drug quantity at sentencing. (Hernandez's Br. at 3.) This argument fails.

As the Government properly notes in its Response, Hernandez's appellate counsel was not obligated to raise the issue of the drug quantity on appeal, and appellate counsel's failure to do so did not result in a performance below the objective standard. "An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. However, counsel is not required to raise every non-frivolous issue on appeal." *Marvin v. Evans*, 384 F.3d 848, 851-52 (7th Cir. 2004) (citations omitted). Here, it is apparent from the record that the district court carefully considered the issue of drug quantity and provided a comprehensive explanation as to why Hernandez was accountable for over fifty grams of cocaine, despite the jury's findings. (Sentencing Tr. 6:21 – 7:14, 29:6 – 29:14,

Oct. 28, 2008.) Hernandez's argument does not overcome the presumption that appellate counsel's performance was objectively reasonable and sound strategy. *See Koons*, 639 F.3d at 351. Therefore, Hernandez's claim of ineffective assistance of appellate counsel for failure to appeal the issue of the drug quantity is denied.

Applying the Sentencing Enhancement for Supervisory Role

Finally, Hernandez again raises the argument that the district court erred in applying a sentencing enhancement for his supervisory or leadership role in the drug conspiracy. (Hernandez's Br. at 5.) This is at least the third time Hernandez has visited this argument, as the issue was argued by his trial counsel at his sentencing and raised again on Hernandez's direct appeal. *See* Sentencing Tr. 8:14 – 11:2, Oct. 28, 2008; *Vallar*, 635 F.3d at 280-82. Hernandez has yet to prevail on this argument and shall not do so in this § 2255 petition. The Seventh Circuit has made clear that Hernandez is barred from raising this issue in his § 2255 petition. "A § 2255 motion is neither a recapitulation of nor a substitute for a direct appeal. Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." *Varela v. United States*, 481 F.3d 932, 935-36 (7th Cir. 2007) (citations and quotations omitted). Furthermore, Hernandez has not identified in his petition *any* change in circumstances since the Seventh Circuit rejected this argument in his appeal. Hence, Hernandez is barred from asserting this argument, and this claim is also rejected.

*Evidentiary Hearings and Certificates of Appealability*

Pedroza has failed to assert any meritorious claims of ineffective assistance of counsel under *Strickland*, and his due process claim is procedurally barred. Similarly, Hernandez failed to assert any valid claims of ineffective counsel, and Hernandez is

15

barred from relitigating his claim regarding the enhancement for his supervisory role.

Both Petitioners request hearings under 28 U.S.C. § 2255. However, Petitioners' motions, "the files, and the record of the case conclusively show that [neither Petitioner] is entitled to . . . relief." 28 U.S.C. § 2255(b). A § 2255 petitioner is entitled to an evidentiary hearing only where the petitioner "alleges facts that, if proven, would entitle him to relief." *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009) (quoting *Hall v. United States,* 371 F.3d 969, 972 (7th Cir. 2004)). Accordingly, neither Pedroza nor Hernandez is entitled to evidentiary hearings.

*Certificates of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. This requires the petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to

16

proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* at 484. As discussed above, neither Petitioner has demonstrated that their respective counsel behaved unreasonably, nor has either shown a possibility of prejudice under the *Strickland* test.

Because both Petitioner Hernandez and Petitioner Pedroza have failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue on either petition.

## CONCLUSION

For the foregoing reasons, Petitioners Amador Hernandez's and Eladio Pedroza's Petitions for relief pursuant to 28 U.S.C. § 2255 are denied. Certificates of appealability shall not issue.

Date:   January 14, 2013                                      
JOHN W. DARRAH
United States District Court Judge